# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ACCESS 4 ALL, INC., JOE HOUSTON,

        **Plaintiffs,**

-vs-                                 **Case No.  6:10-cv-1160-Orl-28DAB**

HAYNES & SMITH, LLC,

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION RE APPROVAL AND ENTRY OF CONSENT DECREE AND MOTION TO DISMISS (Doc. No. 33)** |
| **FILED:** | **May 23, 2001** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

      Previously, these parties filed a Stipulation for Approval and Entry of Consent Decree (Doc. No. 28) in this Americans with Disabilities Act case. By order dated March 25, 2001, the Court denied the motion/stipulation, without prejudice, noting:

> The docket reflects that the parties have executed and filed a stipulation on the merits of the case, and mediation on the sole remaining issue of attorney's fees and costs is scheduled for April 25, 2011 (Doc. No. 27). As the stipulation reached by the parties reflects an agreement that Defendant will implement the remedial measures set forth in the ADA inspection report, adoption of the consent decree as a final Order is not essential at this moment. In view of the pending mediation which may settle all remaining matters, and the Court's preference to enter a final decree that will resolve

all issues, the motion is denied, to the extent it seeks immediate entry of the offered stipulation as a consent decree. The denial is without prejudice to renewal of the motion, at the completion of the mediation, either 1) with the terms of any settlement of fees and costs incorporated, or 2) accompanied by a motion to tax fees and costs. (Doc. No. 29).

The parties renewed their request, asking the Court "to approve and enter judgment on the Proposed Consent Decree annexed hereto as Exhibit A" to that motion (Doc. No. 31). As the only exhibit attached to that motion was a one paragraph document (Doc. No. 31-1), the Court issued a recommendation that the motion be **granted, in part and denied, in part** (Doc. No. 32). The instant motion follows, and the parties have now attached a full stipulation (Doc. No. 33-1), and ask the Court to approve and enter judgment on the proposed Consent Decree, retain jurisdiction to enforce the Consent Decree, and dismiss the case with prejudice. As set forth herein, it is **respectfully recommended** that the motion be granted.[1]

Under the stipulation, "Defendant agrees to implement by no later than September 30, 2011, the ADA remedial measures recommended in the ADA inspection report by ADA Compliance Specialists, Inc., dated September 1, 2010." (Doc. No. 33-1). The stipulation further provides that Defendant shall pay Plaintiff's counsel reasonable attorneys' fees and costs in the total amount of $13,000.00. *Id.* The parties ask the Court to retain jurisdiction to enforce the terms of this agreement, if necessary. Pursuant to Title III of the Americans With Disabilities Act, this Court is authorized to enter a Consent Decree requiring a public accommodation to alter facilities to make such facilities readily accessible to and useable by individuals with disabilities to the extent required by Subchapter III of Chapter 126 of Title 42 of the United States Code, 42 U.S.C. § 12188(a)(2) (2006). The Complaint asserts that this facility is a shopping center and a place of public accommodation.

---

[1]As the Amended Motion moots the prior, pending Report and Recommendation (Doc. No. 32), that Report is hereby **VACATED.** The superseded motion at Docket Entry 31 should be **DENIED** as moot.

Having reviewed the motion and the attached Consent Decree, and absent objection from any party, the undersigned **recommends that the Court:**

    1.  GRANT the motion;

    2.  Enter a separate Order incorporating the Consent Decree;

    3.  Dismiss the case with prejudice; and

    4.  Retain jurisdiction until December 30, 2011,[2] to enforce the Consent Decree.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 14, 2011.

*David A. Baker*
_____

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]Retaining jurisdiction until December 30, 2011, will allow the parties time to comply with the provisions of the Consent Decree, which contemplate that Defendant will implement remedial measures no later than September 30, 2011, and allow for a reasonable modification of the deadline, if necessary.